IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

RYAN HEBERT, a minor, by and through his )
parents as next friends, Ronald and Rebecca )
Hebert; RONALD HEBERT; and REBECCA )
HEBERT, )
)
)
               *Plaintiffs,* )
)
vs. )   Civil Action Number:
)   02-C-1212-W
TUSCALOOSA COUNTY BOARD OF )
EDUCATION, by and through its )
Superintendent DR. JOYCE SELLERS; )
GLENN TAYLOR, MIKE GRIFFIN, and )
JIMMY BRITTAIN, in their official and )
individual capacities, )
)
               *Defendants.* )

**MEMORANDUM OF OPINION
ON MOTIONS TO DISMISS**

The Defendants have moved to dismiss this corporal punishment case. For the reasons which follow, three of the Defendants will be dismissed, and the fourth will not.

**I. FACTS**

According to the Complaint, Plaintiff Ryan Hebert ("Ryan") was an 8th grade student at Collins-Riverside Middle School ("the school"), operated by the Defendant Tuscaloosa County Board of Education ("the School Board").

Ryan was a member of the school's football team, coached by Defendant Mike Griffin ("Griffin"). In the middle of October, 2001, Ryan wore his football pants home after practice, and left his jeans on a bench in the fieldhouse. The following day, he was confronted by Griffin, who

1

told Ryan that he had violated a team rule by leaving his jeans on a bench. As punishment, Griffin maliciously and in bad faith paddled Ryan with a wooden paddle. Before paddling Ryan, Griffin made him raise his shirt so that the shirt would not shield him from the paddle. During the same time frame, Griffin also paddled another student for having failed to stow his helmet in the fieldhouse locker. This student witnessed Griffin's paddling of Ryan.

Griffin's paddling of Ryan violated the School Board's policy on corporal punishment in the following particulars: 1) no other teacher or administrator was present when the paddling was administered; 2) another student was present when the paddling was administered; and 3) the paddling was not preceded by specific failures or other corrective measures to improve student behavior.

Ryan's parents, Plaintiffs Ronald and Rebecca Hebert ("the Heberts"), subsequently complained about Griffin's paddling. In November, the Heberts received a phone call from Defendant Glenn Taylor ("Taylor"), the school's Principal. Taylor indicated that Superintendent Joyce Sellers was aware of their complaint. Rebecca Hebert specifically told Taylor that Griffin's violation of the School Board's corporal punishment policy was dangerous, and the School Board should act to prevent him from violating the policy in the future. Taylor promised to "look into" the complaint, but nothing was ever done.

In December, 2001, Ryan and another student got into an arm-waving, "cat-like" scuffle at the school. When Defendant Jimmy Brittain ("Brittain"), a physical education ("PE") teacher at the school, saw the incident he blew his whistle and ordered the boys to stop. The confrontation ended immediately. Griffin then appeared and told Ryan that he could either be sent to the Principal's office and suspended, or take a "lick" (i.e., a single hit with the paddle). Ryan decided to take the

lick in order to avoid suspension.

Griffin and Britain directed Ryan and the other student to the rear of the fieldhouse. There, Griffin pulled up Ryan's T-shirt, and brutally struck Ryan on his buttocks with the paddle. The blow was administered maliciously and in bad faith. It was administered with such excessive force that it caused Ryan to suffer a contusion and extreme pain in his right buttock and lower back – pain that lasted for over a month. The sadistic blow created a dark, reddish/purple bruise, measuring five to six inches (5-6") in diameter, that was conspicuous for a week or more.

As a result of the blow, Ryan had difficulty in walking, sitting, standing, and running for more than a month. He was treated by physicians on several occasions, prescribed medication for treatment of pain and inflammation, and administered physical therapy. The Hebert Plaintiffs incurred various expenses directly attributable to the excessive and sadistic blow administered by Griffin – including, but not limited to, expenses for medical treatment and prescription drugs.

Brittain knew that Griffin's blow was administered in bad faith. Yet, Brittain did nothing to stop it.

When informed of Griffin's brutalization of Ryan, Taylor blamed Ryan for the situation.

Griffin has a policy of violating the School Board's corporal punishment policy. The Superintendent and the School Board are aware of Griffin's recurring, habitual violations of the corporal punishment policy; but they condone and ratify his conduct.

The Plaintiffs assert the following causes of action against the Defendants: a) violation of 42 U.S.C. §1983 by all Defendants (Counts VI, VII, IX, X); b) assault and battery and negligence claims against Griffin (Counts I, II, III, IV, V); c) negligence against the School Board, Taylor and

Brittain (Count XI), and a tortious non-feasance claim against Brittain (Count VIII).[1] The Defendants have moved to dismiss the Complaint, asserting the affirmative defenses of official immunity, qualified immunity, and discretionary function on the state law claims.

## II. APPLICABLE LAW

For purposes of a motion to dismiss, all the allegations in a Complaint are construed in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). All facts alleged by Plaintiff are taken as true. *Id.* A court cannot dismiss for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Neal ex rel. Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069, 1072 (11th Cir.2000). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail; instead the determinative issue is whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1994).

County school boards are not local arms of the State of Alabama. Therefore, they are not entitled to Eleventh Amendment immunity. *Stewart v. Baldwin County Bd. of Ed.*, 908 F.2d 1499 (11th Cir.1990); *Kendrick v. Jefferson County Bd. of Ed.*, 932 F.2d 910 (11th Cir.1991). The doctrine of *respondeat superior* does not apply in Section 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, local governments may be held liable for constitutional

---

[1] Plaintiff Ryan Hebert also initially brought Section 1983 claims on Fourth Amendment grounds against all Defendants. Those claims were voluntarily dismissed by the Plaintiff.

Rebecca and Ronald Hebert sue not only in their representative capacities, but also in their individual capacities. In their individual capacities, the Herbert Plaintiffs asserted negligence claims against the Defendants. All of those claims either have been dismissed voluntarily, or they will be dismissed by the Court since they fail to state a cause of action.

deprivations if such actions result from an official policy, or a custom or practice. *Id.* at 694.

Qualified immunity protects government officials performing discretionary functions from the burden of discovery, trial, and liability, if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known. *Lassiter v. Alabama A&M University,* 28 F.3d 1146 (11th Cir.1994); *Jenkins v. Talladega Bd. of Ed.*, 115 F.3d 821 (11th Cir. 1997). The relevant inquiry seeks to determine whether it would be clear to a reasonable state actor that his conduct was unlawful in the situation he confronted. *Vinyard v. Wilson,* 311 F.3d 1340 (11th Cir. 2002). In the absence of a case involving fundamentally similar facts, the qualified immunity defense may be overcome when the preexisting general constitutional rule applies "with obvious clarity to the specific conduct in question." *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 2516 (2002). Under Alabama law, state agents are immune from liability for state law claims that arise out of their performance of discretionary functions. *Bonwell v. Bobo,* 629 So.2d 98 (Ala.1955); *Faulkner v. Patterson,* 650 So.2d 873 (Ala.1994). The supervision of state employees by other state employees is a discretionary function. *Nance v. Matthews,* 622 So.2d 297 (Ala.1993). But the discretionary function immunity does not attach under Alabama law "when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." *Ex parte Cranman*, 792 So.2d 392, 405 (Ala. 2000).

Corporal punishment in public schools is not, *ipso facto,* a constitutional violation. *Ingraham v. Wright*, 525 F.2d 909 (5th Cir. 1976). Nonetheless, excessive corporal punishment in certain circumstances may be actionable under the Due Process Clause of the Fourteenth Amendment. *Neal,* 229 F.3d at 1075. Such punishment is actionable under the Due Process Clause when it is arbitrary, egregious, and shocking to the conscience. *Id.* To establish due process liability

5

for excessive corporal punishment, a plaintiff must allege facts which demonstrate that a school official intentionally used an amount of force that was obviously excessive under the circumstances, *and* that the force used presented a reasonably foreseeable risk of serious bodily injury. *Id.*

### III. ANALYSIS

### A. THE DUE PROCESS CLAIM AND QUALIFIED IMMUNITY

The Complaint does not allege sufficient facts to show that anyone other than Defendant Griffin violated Ryan Hebert's constitutional rights. It alleges, to be sure, that the School Board and Taylor were put on notice that Griffin was violating the corporal punishment policy. But it does not allege that the School Board and Taylor were put on notice that Griffin was regularly, maliciously, and in bad faith <u>using excessive force</u> in administering the corporal punishment policy. Moreover, there is no allegation that Griffin's use of excessive force was the product of a custom or policy of the School Board.

Likewise, there is no allegation that Defendant Brittain violated any of Ryan Hebert's constitutional rights. The only allegation against him is that he failed to intervene when Griffin administered the lick. This failure to intervene does not rise to the level of a constitutional violation.

Griffin is not entitled to qualified immunity on the Fourteenth Amendment due process claims. *Neal* put him on notice that his conduct was unlawful. This conduct is shocking, egregious, and shocking to the judicial conscience. Griffin must have known that the excessiveness of the force he used presented a reasonably foreseeable risk of serious bodily injury to Ryan Hebert.

### B. DISCRETIONARY FUNCTION IMMUNITY

Except for Griffin, all of the Defendants are shielded from liability for violation of Alabama laws. There is no allegation that any of them acted maliciously or in bad faith.

Defendant Griffin is not entitled to discretionary function immunity. Plaintiffs allege that Griffin's behavior was intentional, malicious, and in bad faith under the circumstances in this case. Thus, he is not entitled to discretionary function immunity on any of the state law claims.

### CONCLUSION

Based on the foregoing, the Motions to Dismiss will be granted in part and denied in part.

Done this _____7th_____ day of March, 2003.

_____
Chief United States District Judge
U.W. Clemon